WARREN GARMENT & INDUSTRIAL SERVICES, Inc. v.
S. R. BURCH GROVES.
No. 66-12-1307.
Small Claims Court, St. Lucie County.
September 6, 1967.

Devitt J. Adams of McCarty & Adams, Fort Pierce, for plaintiff.

WILLIAM G. TYE, Judge.

This cause came on regularly to be heard before the court for a trial and hearing without the intervention of a jury, and at the time of trial there was admitted into evidence a signed contract for the delivery of clothes to four named employees. The customer was listed on the contract as S. R. Burch Groves, with a delivery address of Indrio Road. There appears on the contract the signature of Herbert Strickland on behalf of S. R. Burch Groves. From the testimony it appears that Mr. Strickland was, in fact, only the foreman and the actual owner of S. R. Burch Groves never agreed or was informed of nor received a copy of the contract or the subsequent billing of said uniforms.

This court is well aware of Florida Statute 725.02, which is commonly referred to as the Statute of Frauds. This statute says that no contract for the sale of any personal property shall be good unless the buyer shall accept the goods and actually receive them or give something to bind the bargain, or some note or memorandum in writing and signed by the parties to be charged by such contract *or their agents thereunto lawfully authorized.* Herein lies an essential part of the defense. This court is well aware of the science of the growing of citrus fruits in this area. Though like unto Pandora's Box, unpredictable as it may be certain standards of practice prevail. Foremen are often used by the owners of groves. The foremen, in fact, handle the entire operation. The court as a matter of fact finds that it is not customary practice to have employees of the groves to be attired in uniform regalia.

The plaintiff in this case must sustain the burden of proof necessary to support its case. Introduced into evidence was a rental reduction order by a route salesman with the following notation — "Reason: not making enough money to keep clothes."

The art of salesmanship is firmly ingrained in our society. Without salesmanship, the Jolly Green Giant's peas would go unnoticed; the white tornadoes cleansing ability would go unheeded; and without Dove our hands and faces would become rough and calloused. In the case before the court, salesmanship was in fact a necessary item in the rental of the uniforms. However, it is apparent the salesman looked to the employees and not S. R. Burch Groves for payment.

It is accordingly ordered and adjudged that the plaintiff take nothing by this cause and go hence without day.